# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO OJEDA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. M. FUENTES, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:05-cv-00948-AWI-SMS PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE SECOND AMENDED COMPLAINT OR NOTIFY THE COURT OF HIS WILLINGNESS TO PROCEED ONLY ON THE CLAIMS FOUND TO BE COGNIZABLE BY THE COURT<br><br>(Doc. 11)<br><br>PLAINTIFF'S RESPONSE TO ORDER DUE WITHIN THIRTY DAYS |

I.　　Screening Order

　　A.　　Screening Requirement

Plaintiff Armando Ojeda ("plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on July 25, 2005.  On April 13, 2006, the court dismissed plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted.  Plaintiff filed an amended complaint on May 15, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[1]  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

[1] Although plaintiff is no longer incarcerated, he was a prisoner at the time he filed this action.

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.     Summary of Plaintiff's Amended Complaint

The events at issue in the instant action allegedly occurred at Avenal State Prison, where plaintiff was incarcerated at the time. Plaintiff names Lieutenant J. Fuentes, Sergeant J. Montana, and Correctional Officer V. Parks as defendants. Plaintiff is seeking money damages.

///

The bases of plaintiff's claims is that he was attacked and seriously injured on the yard, and staff members knew of the planned attack in advance but failed to protect plaintiff. Plaintiff also alleges that they failed to immediately summons medical personnel.

    C.    Plaintiff's Claims

        1.    Section 1983

            a.    Failure-to-Protect Claim

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Hoptowit, 682 F.2d at 1250 (9th Cir. 1982); Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the inmate must establish that prison officials were deliberately indifferent to a substantial risk of serious harm to the inmates's safety. Farmer, 511 U.S. at 834. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety." Id. at 837.

Plaintiff's allegation that defendants stood by and watched him get beaten is sufficient to give rise to a claim for relief under section 1983. However, plaintiff's allegation that defendant Fuentes, after informing plaintiff several inmates had been locked up because they were supposed to kill plaintiff, refused plaintiff's request to be removed from the yard and placed in administrative segregation does not support a claim that defendant acted with deliberate indifference to plaintiff's safety. Plaintiff's disagreement with defendant's decision does not support a claim that defendant violated plaintiff's constitutional rights.

///

///

b.     Medical Care Claim

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff alleges he did not receive immediate medical attention following the attack because defendants delayed reporting the attack to medical personnel for several minutes. A delay of several minutes in notifying medical personnel is insufficient to rise to the level of a constitutional violation. Plaintiff's medical care claim fails as a matter of law.

2.     State Law Tort Claims

Plaintiff alleges claims under California law for negligence arising from the attack, the failure to train, and negligent maintenance of prison facilities. Plaintiff alleges compliance with the California Tort Claims Act.

A public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d) (West 2006). "In order to establish

///

negligence under California law, a plaintiff must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages." Ileto v. Glock Inc., 349 F.3d 1191, 1203 (9th Cir. 2003).

Plaintiff's allegations are sufficient to support a negligence claim against defendants arising out of the attack on plaintiff. However, plaintiff has not alleged any facts supporting a negligence claim arising out defendant Fuentes' failure to train defendants Cantu and Wright, or out of the maintenance of the prison facilities.

D.   Conclusion

The court finds that plaintiff's amended complaint states a claim against defendants Fuentes, Cantu, and Wright under the Eighth Amendment for failure to protect plaintiff from harm and a claim under California law for negligence arising out of the attack on plaintiff. However, plaintiff's complaint does not state an Eighth Amendment medical care claim and does not state negligence claims arising out of defendant Fuentes' failure to train defendants Cantu and Wright, or the maintenance of the prison facilities. The court will provide plaintiff with one final opportunity to file a second amended complaint curing the deficiencies identified by the court in this order, if plaintiff wishes to do so. Plaintiff may not add any new parties or claims in his second amended complaint If plaintiff attempts to add any new parties or claims, his second amended complaint will be ordered stricken from the record.

If plaintiff does not wish to file a second amended complaint and wishes to proceed against defendants Fuentes, Cantu, and Wright on only his Eighth Amendment failure-to-protect claim and state law negligence claim arising out of the attack on him, plaintiff may so notify the court in writing. The court will then issue Findings and Recommendations recommending that the remaining claims be dismissed from this action, and will forward plaintiff three summonses and three USM-285 forms to fill out and return to the court. Upon receipt of these documents, the court will direct the United States Marshal to initiate service of process on defendants Fuentes, Cantu, and Wright.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original

pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, plaintiff must either:

    a. File a second amended complaint curing the deficiencies identified by the court in this order, or

    b. Notify the court in writing that he does not wish to file a second amended complaint and wishes to proceed only against defendants Fuentes, Cantu, and Wright on his Eighth Amendment failure-to-protect claim and on his state law negligence claim arising out of the attack on him;

3. Plaintiff may not add any new parties or claims in his second amended complaint, and if plaintiff attempts to add any new parties or claims to this action, his second amended complaint will be ordered stricken from the record; and

4. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:    February 22, 2007**           /s/ Sandra M. Snyder
icido3                           UNITED STATES MAGISTRATE JUDGE