**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO OJEDA, | CASE NO. 1:05-cv-00948-AWI-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS |
| v. | |
| J. M. FUENTES, et al., | (Doc. 11) |
| Defendants. | |

I.   Findings and Recommendations Following Screening of Amended Complaint

   A.   Procedural History

Plaintiff Armando Ojeda ("plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 25, 2005. On April 13, 2006, the court dismissed plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted. Plaintiff filed an amended complaint on May 15, 2006.

On February 23, 2007, the court screened plaintiff's amended complaint and found that it states a cognizable claim for relief against defendants Fuentes, Montana, and Parks under the Eighth Amendment for failure to protect plaintiff from harm and a claim under California law for negligence arising out of the attack on plaintiff. However, plaintiff's amended complaint does not state an Eighth Amendment medical care claim and does not state negligence claims arising out of defendant Fuentes' failure to train defendants Montana and Parks or the maintenance of the prison facilities. The court ordered plaintiff to either file a second amended complaint or notify the court

of his willingness to proceed only on his failure to protect and negligence claims. On March 28, 2007, plaintiff notified the court that he does not wish to file a second amended complaint and is willing to proceed only against defendants Fuentes, Montana, and Parks on the claims found to be cognizable. Based on plaintiff's notice, this Findings and Recommendations now issues.

   B.  Screening Requirement

  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[1] 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.

---

[1] Although plaintiff is no longer incarcerated, he was a prisoner at the time he filed this action.

2

2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

  C. Summary of Plaintiff's Amended Complaint

The events at issue in the instant action allegedly occurred at Avenal State Prison, where plaintiff was incarcerated at the time. Plaintiff names Lieutenant J. Fuentes, Sergeant J. Montana, and Correctional Officer V. Parks as defendants. Plaintiff is seeking money damages.

The bases of plaintiff's claims is that he was attacked and seriously injured on the yard, and staff members knew of the planned attack in advance but failed to protect plaintiff. Plaintiff also alleges that they failed to immediately summon medical personnel.

  D. Plaintiff's Claims

    1. Section 1983

      a. Failure-to-Protect Claim

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Hoptowit, 682 F.2d at 1250 (9th Cir. 1982); Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the inmate must establish that prison officials were deliberately indifferent to a substantial risk of serious harm to the inmates's safety. Farmer, 511 U.S. at 834. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety." Id. at 837.

Plaintiff's allegation that defendants stood by and watched him get beaten is sufficient to give rise to a claim for relief under section 1983.  However, plaintiff's allegation that defendant Fuentes, after informing plaintiff several inmates had been locked up because they were supposed to kill plaintiff, refused plaintiff's request to be removed from the yard and placed in administrative segregation does not support a claim that defendant acted with deliberate indifference to plaintiff's safety.  Plaintiff's disagreement with defendant's decision does not support a claim that defendant violated plaintiff's constitutional rights.

### b. Medical Care Claim

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff alleges he did not receive immediate medical attention following the attack because defendants delayed reporting the attack to medical personnel for several minutes.  A delay of several minutes in notifying medical personnel is insufficient to rise to the level of a constitutional violation.  Plaintiff's medical care claim fails as a matter of law.

2.   State Law Tort Claims

Plaintiff alleges claims under California law for negligence arising from the attack, the failure to train, and negligent maintenance of prison facilities. Plaintiff alleges compliance with the California Tort Claims Act.

A public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d) (West 2006). "In order to establish negligence under California law, a plaintiff must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages." Ileto v. Glock Inc., 349 F.3d 1191, 1203 (9th Cir. 2003).

Plaintiff's allegations are sufficient to support a negligence claim against defendants arising out of the attack on plaintiff. However, plaintiff has not alleged any facts supporting a negligence claim arising out defendant Fuentes' failure to train defendants Montana and Parks, or out of the maintenance of the prison facilities.

E.   Conclusion

Plaintiff's amended complaint states a claim against defendants Fuentes, Montana, and Parks under the Eighth Amendment for failure to protect plaintiff from harm and a claim under California law for negligence arising out of the attack on plaintiff. However, plaintiff's amended complaint does not state an Eighth Amendment medical care claim and does not state negligence claims arising out of defendant Fuentes' failure to train defendants Montana and Parks, or the maintenance of the prison facilities. Plaintiff was provided with the opportunity to file a second amended complaint, but opted to proceed only on his cognizable claim. Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on plaintiff's amended complaint, filed May 15, 2006, against defendants Fuentes, Montana, and Parks under the Eighth Amendment for failure to protect plaintiff from harm and under California law for negligence arising out of the attack on plaintiff; and

2. Plaintiff's Eighth Amendment medical care claim and state negligence claims arising out of defendant Fuentes' failure to train defendants Montana and Parks and the

///

maintenance of the prison facilities be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     April 2, 2007**            /s/ Sandra M. Snyder
icido3                      UNITED STATES MAGISTRATE JUDGE