IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | | |
|---|---|---|
| ARMANDO OJEDA, | ) | No. CV 05-948-TUC-RCC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| J.M. FUENTES; et al., | ) | |
| Defendants. | ) | |

The Plaintiff Armando Ojeda was assaulted by two inmates in the general population yard at Avenal State Prison ("ASP"). The Plaintiff alleges the Defendants violated his eighth amendment right by exhibiting deliberate indifference by placing him in the general population yard and exhibiting deliberate indifference by not responding in a timely fashion when he was assaulted.

The Plaintiff's Statement of Facts ("SOF") refers to parts of his deposition that are not in the record. To the extent the Plaintiff would have personal knowledge of the events the Court will accept the Plaintiff's Statement of Facts and First Amended Complaint as a sworn affidavit, this requires that the Plaintiff swears to the truth of the event described under penalty of perjury. If the Plaintiff did not intend his statement of facts or complaint to be considered an affidavit he must alert the Court immediately.

Material Facts Viewed in the Light Most Favorable to the Plaintiff

At California Substance Abuse Treatment Facility, facility-E at Corcoran, California, Petitioner had been segregated from the general population in the sensitive needs yard. Plaintiff's SOF ¶ 2; First Amended Complaint p. 4. At ASP the Plaintiff was placed in the general population yard. *Id*.

Once in the general population yard, the Plaintiff and two inmates, Meraz and Herena, walked towards a bathroom. Defendants' SOF ¶ 8. The Plaintiff waited outside the restroom while Meraz and Herena went inside the restroom. *Id.* ¶ 9. When Herena walked outside the restroom, he slashed the Plaintiff's face with a razor blade. *Id.* ¶ 10. Herena and Meraz began assaulting the Plaintiff. *Id.* ¶ 11. The Plaintiff contends the assault lasted "4 and a half minutes plus the amount of time it took the two assailants to kick the Plaintiff approximately 75 feet." Plaintiff's SOF ¶ 7. However, in his deposition the Plaintiff admitted that while in a fight his perception of time is different than it normally is when not engaged in a fight. Defendants' Ex. A, p. 91, ln. 12-15. The Defendants responded immediately to stop the assault once the Defendants became aware of the assault. Defendants' Statement of Facts ¶¶ 19-21.

Within one minute of a radio transmission stating that a fight had occurred in the yard, the inmates stopped assaulting the Plaintiff. Defendant's Ex. B, ¶¶ 6-7.

Summary Judgment Standard

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party who must demonstrate the existence of a factual dispute and that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* at 250; *see Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Rule 56(e) compels the non-moving party to "set out specific facts showing a genuine issue for trial" and not to "rely merely on allegations or denials in its own pleading." Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The opposing party need not establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968). However, Rule 56(c) mandates the entry of summary judgment against a party who, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which the party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

When considering a summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). At summary judgment, the judge's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The evidence of the non-movant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But, if the evidence of the non-moving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id.* at 249-50.

<u>Essential Elements of the Plaintiff's Eighth Amendment Claim</u>

1 | A prison official must demonstrate "deliberate indifference" to "an excessive risk" of serious harm to an inmate to violate an inmate's eighth amendment right. *Hope v. Pelzer*, 536 U.S. 730, 763, 122 S. Ct. 2508 (2002).

Delay in Responding to the Assault

The Plaintiff contends that the assault lasted for more than four and a half minutes before prison officials were able to stop Meraz and Herena. The Plaintiff contends that the duration of the assault creates a cause of action as a violation of his eighth amendment rights.

The record shows that a Correctional Officer Parks "jogged" over to area where a large number of inmates were gathered. Defendant's Ex. D, ¶ 5. CO Parks did not realize an assault was occurring until the Plaintiff ran out from behind the group and Meraz and Herena chased him. *Id.* ¶ 7 The Officer immediately called in a "code one" indicating an inmate on inmate fight. *Id.* ¶ 9. The fight was broken up within a minute with at least three officers on the scene. Defendant's Ex. B-D.

It is undisputed the officers lacked prior knowledge and reacted quickly to end the fight once they became aware a fight was occurring. The Plaintiff does not dispute that all of the Defendants reacted immediately to stop the assault upon learning about the fight. *See* Plaintiff's Statement of Undisputed Facts and Opposition to Defendants ¶¶ 19-20. Based on these undisputed facts the Court is compelled to find that the Defendants did not respond with deliberate indifference to an excessive risk of harm when they became aware of the risk. There is no evidence suggesting the Defendants were unreasonable delayed in ascertaining the risk to the Plaintiff.

Therefore, IT IS HEREBY ORDERED the Defendants' Motion for Summary Judgment (Docket No. 40) is GRANTED. The Clerk shall CLOSE the case and DISMISS the Plaintiff's Complaint with prejudice.

DATED this 12th day of May, 2009.

_____
Raner C. Collins
United States District Judge